**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 6:08-bk-01693-KSJ** |
| **GEA SEASIDE INVESTMENT INC,** *et al.*, | **CHAPTER 11** |
| **Debtors.** | **Jointly-administered with Case 6:08-bk-1695-KSJ** |

_____/

**ORDER GRANTING MOTION FOR CRAMDOWN AND**
**CONFIRMATION OF PLAN OF REORGANIZATION SUBMITTED**
**BY GEA SEASIDE INVESTMENT INC. AND JACK ABERMAN**

**THIS CASE** came before the Court at a hearing on December 11, 2008 (the "Confirmation Hearing") to consider: (i) confirmation of the Plan of Reorganization (Doc. No. 210)(the "Plan") submitted by GEA Seaside Investment, Inc. ("GEA Seaside") and Jack Aberman ("Aberman")(collectively, the "Debtors"); (ii) objections to confirmation filed by: (a) Wachovia Bank N.A. (Doc. Nos. 283 and 392); (b) GMAC Mortgage, LLC (Doc. No. 318); (c) Fifth Third Mortgage Company (Doc. No. 330); (d) Bayview Loan Servicing (Doc. No. 334); (e) American Home Mortgage Servicing, Inc. (Doc. Nos. 335 and 338); (f) Select Portfolio Servicing Inc. (Doc. Nos. 336, 337, 339 and 340); (g) EMC Mortgage Corporation (Doc No 342); (h) First Mariner Bank (Doc No 360); and (i) LaSalle Bank (Doc No 362); (j) RBJ, LLC (Doc No 393)(collectively, the "Confirmation Objections"); (iii) Motion for Cramdown of Class 83 Unsecured Claims ("Unsecured Cramdown Motion")(Doc No. 405); (iv) Motion for Cramdown ("Cramdown Motion")(Doc No 406); (v) the Omnibus Motion to determine extent of secured claims, pursuant to bankruptcy code section 506 (Doc No 265)("Valuation Motion"); (vi) the objections to the Valuation Motion filed by: (a) Fifth Third Mortgage Company (Doc No 281); (b) Wachovia Bank (Doc No 282); (c) First Mariner Bank (Doc No 287); (d)

Homecomings Financial (Doc No 289,290, 292, 293, 310); (e) IndyMac Bank (Doc No 294, 295); (f) First Horizons Home Loans (Doc No 296, 276); (g) U.S. Bank National Associations (Doc No 299, 301, 302), (h) Wells Fargo (Doc No 300, 303, 304, 305); (i) RBJ, LLC (Doc No 317); (j) GMAC Mortgage, LLC (Doc No 318); (k) Woodlea Investment Company, LLC (Doc No 284); and (l) Countrywide Home Loans, Inc. (Doc No 291)(collectively, the "Valuation Objections"); and (vii) the Motion by LaSalle Bank for Leave to Object to Debtors' Omnibus Motion to Determine Extent of Secured Claims (Doc. No. 377).

After the Court entered an Order Approving Disclosure Statement and Setting Hearing on Confirmation for December 11, 2008 at 10:00 a.m. (Doc. No. 373) copies of the Disclosure Statement and Plan were distributed to all creditors, equity security holders, and parties-in-interest (Doc. No. 351). Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Plan and Disclosure Statement.

The Court, having considered the: (a) Plan; (b) the testimony of Eduardo Dominguez and Thomas Dees at the Confirmation Hearing; (c) the Affidavit of Jack Aberman in Support of Confirmation ("Confirmation Affidavit") (Doc. No. 404); (d) Ballot Tabulation (Exhibit A to Doc. No. 404); (e) the arguments of all counsel present at the Confirmation Hearing; (f) the agreements and modifications to the Plan placed on the record at the Confirmation Hearing; (g) withdrawal of the confirmation objections by LaSalle Bank (Doc. No. 362), Bayview Loan Servicing, LLC (Doc No 334), Wachovia Bank (Doc No 392), RBJ, LLC (Doc No 393), and Fifth Third Mortgage Company (Doc No 330); (h) the overruling of the confirmation objections by First Mariner Bank (Doc No 360), EMC Mortgage Corp. (Doc No 342), Deutsche Bank National Trust Company (Doc No 341), Select Portfolio Servicing Plan (Doc Nos 340, 339, 377, 336), American Home Mortgage (Doc No 338, 335), and GMAC Mortgage, LLC (Doc No. 318);

(i) Unsecured Cramdown Motion and Cramdown Motion; and with the Court being familiar with the Plan and other relevant factors affecting these cases, and the Court having taken judicial notice of the entire record in these cases, makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") made applicable to this matter pursuant to Rule 9016 of the Bankruptcy Rules.

## I. **Findings of Fact and Conclusions of Law**

A.      The Debtors, as proponents of the Plan, have provided good and sufficient notice of: (a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on the Plan; and (d) the hearing date on the confirmation of the Plan.  The Court finds that, in accordance with §1125(e) of the Bankruptcy Code, the Debtors and their designees, agents, representatives, attorneys, accountants, and advisors acted in good faith in soliciting acceptances or rejections of the Plan and in compliance with all applicable provision of the Bankruptcy Code. The Court further finds that the solicitation of acceptances or rejections of the Plan by the Debtors was conducted in good faith and in compliance with the Bankruptcy Code, Bankruptcy Rules, the Balloting Order, and any other procedures established by the Court.

B.      The Debtors have afforded all parties in interest with an adequate opportunity to be heard regarding the Plan and Disclosure Statement and the Plan and Disclosure Statement comply with Bankruptcy Code §1127 and 3019 of the Bankruptcy Rules.  All parties received adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Balloting Order.

C.      The Court has jurisdiction over these cases and to conduct the Confirmation Hearing and to confirm the Plan pursuant to 28 U.S.C. §1334.

D.	Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

E.	The Debtors are eligible Debtors under Section 109 of the Bankruptcy Code.

F.	The Ballot Tabulation filed by the Debtors on December 8, 2008, validly and correctly sets forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Balloting Order.

G.	The Debtors have solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Balloting Order.

H.	The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

I.	The Plan has been accepted in writing by the requisite majorities of all the Impaired Classes of Claims and Interests entitled to vote thereon in accordance with §1126 of the Bankruptcy Code or the Plan is fair and equitable and it provides that the Impaired Classes of Claims and Interests that have not voted in favor of the Plan will retain their liens and receive on account of their claims deferred cash payments totaling at least the allowed amount of their claims or they will receive the indubitable equivalent of their claims.

J.	The Plan satisfies all of the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016(a), is dated and identifies the Debtors as the proponents.

K.	In accordance with §1122(a) of the Bankruptcy Code, the Plan classifies together each Claim against and Interest in the Debtors that are substantially similar to other Claims or Interests.  The Plan, therefore, satisfies §1122(a) of the Bankruptcy Code.

L.      The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies §1123(a)(1) of the Bankruptcy Code.

M.      Pursuant to the Plan, all classes are identified as Impaired except for Class 1 and Class 84 which are identified as not Impaired.  Accordingly, the Plan satisfies §1123(a)(2) of the Bankruptcy Code.

N.      The Plan specifies the treatment of each Impaired Class of Claims and Interests. Accordingly, the Plan satisfies §1123(a)(3) of the Bankruptcy Code.

O.      The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment.  Accordingly, the Plan satisfies §1123(a)(4) of the Bankruptcy Code.

P.      The Plan sets forth the means by which the Plan will be implemented.  The Plan makes adequate means for its implementation and satisfies §1123(a)(5) of the Bankruptcy Code.

Q.      The Plan provides that all executory contracts or unexpired leases will be deemed rejected upon the Effective Date, except for any such contracts or leases that (a) have been assumed or rejected pursuant to final Order of the Bankruptcy Court, (b) are specifically assumed in the Plan, or (c) are the subject, as of entry of this Order, of a motion to assume currently pending before the Bankruptcy Court.  The Plan further provides that the entry of the Confirmation Order constitutes approval of such rejections pursuant to 365(a) and 1123(b)(2) of the Bankruptcy Code, in each case as of, and subject to the occurrence of, the Effective Date. The Debtors' decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtors, are necessary to the implementation of the Plan, and are in the best interests of the Debtors, their estates, Holders of Claims, and other parties in interest in these Chapter 11 Cases.

R.      The Plan is modified to provide the following valuations for the property set forth in the relevant valuation objection: (a) the property set forth in the Fifth Third Mortgage Company objection (Doc No 281) shall have a value of $215,000.00; (b) the property set forth in the Wachovia Bank objection (Doc No 282) shall have a value of $70,000.00; (c) the property set forth in the First Mariner Bank objection (Doc No 287) shall have a value of $128,551.00; (d) the property set forth in the Homecomings Financial objection (Doc No 289) shall have a value of $168,046.13; (e) the property set forth in the Homecomings Financial objection (Doc No 290) shall have a value of $161,261.00; (f) the property set forth in the Homecomings Financial objection (Doc No 292) shall have a value of $189,544.00; (g) the property set forth in the Homecomings Financial objection (Doc No 293) shall have a value of $199,290.00; (h) the property set forth in the IndyMac Bank objection (Doc No 294) shall have a value of $167,189.00; (i) the property set forth in the IndyMac Bank objection (Doc No 295) shall have a value of $121,368.81; (j) the property set forth in the First Horizons Home Loans objection (Doc No 296) shall have a value of $190,000.00; (k) the property set forth in the U.S. Bank National Associations objection (Doc No 299) shall have a value of $104,000.00; (l) the property set forth in the Wells Fargo objection (Doc No 300) shall have a value of $126,358.00; (m)  the property set forth in the U.S. Bank National Associations objection (Doc No 301) shall have a value of $70,071.00; (n) the property set forth in the U.S. Bank National Associations objection (Doc No 302) shall have a value of $167,926.00; (o) the property set forth in the Wells Fargo Bank objection (Doc No 303) shall have a value of $120,563.00; (p) the property set forth in the Wells Fargo Bank objection (Doc No 304) shall have a value of $172,141.00; (q) the property set forth in the Wells Fargo Bank objection (Doc No 305) shall have a value of $160,050.00; (r) the property set forth in the Homecomings Financial Network, LLC objection (Doc No 310) shall

have a value of $159,072.00; (s) the three properties set forth in the RBJ LLC objection (Doc No 317) shall have a values of $185,000.00, $145,000.00, and $145,000.00; (t) the property set forth in the First Horizon Home Loans objection (Doc No 276) shall have a value of $119,000.00; (u) the property set forth in the Motion by LaSalle Bank for Leave to Object to Debtor's Omnibus Motion to Determine Extent of Secured Claims (Doc. No. 377) shall have a value of $87,562.00; and (v) the properties set forth in the Woodlea Investment Company LLC objection (Doc No. 284) shall have values of $182,550.00 and $34,500.00.

S.     The objection of Countrywide Home Loans, Inc (Doc No 291) was overruled since, pursuant to the terms of the Plan, the property shall be surrendered to the secured creditor as the indubitable equivalent of its Allowed Secured Claim, pursuant to 11 U.S.C. §1129(b)(2)(A)(iii).

T.     Section 1123(b)(3) of the Bankruptcy Code provides that settlements may be incorporated into a plan of reorganization. The following Plan Modifications were made at the Confirmation Hearing:

1.     Class 41-Bayview (420 N. Halifax & 429 N. Peninsula).   Bayview will have an Allowed Secured Claim of $634,188.56, secured by a first priority mortgage Lien with monthly payments of principal and interest based on a thirty (30) year amortization and a thirty (30) year term, with interest at six percent (6%). The balance of the claim will be treated as a Class 83 Unsecured Claim. The prepayment penalty will be waived.

2.     Class 35-Woodlea Investment (444 N. Peninsula).   The Allowed Secured Claim of Woodlea Investments shall be paid by the Debtors as follows: (i) the Debtors will make monthly payments of interest only in the amount of $373.75 through and including October 2008; (ii) the Debtors will make monthly payments in the amount of $230.00 from November

2008 through February 2011; and (iii) the Debtors will make a balloon payment in the amount of $37,950.00 in March 2011 in full satisfaction of Woodlea Investment's Class 35 Claim. Payments, including the balloon payment, are due on the 8th day of the month. If payments are not received by the 18th day of the month, Woodlea shall be entitled to give written notice of nonpayment to Aberman/GEA Seaside by first class mail at P.O. Box 265302, Daytona Beach, FL 32126. Woodlea shall be entitled to a late fee of 5% of the payment ($11.50) for payments received after the 18th day of the month, such that the required payment shall be $241.50. In the event payment of $241.50 is not received by the 10th day following the date written notice of nonpayment is mailed, the loan will be in default and may be accelerated in accordance with the terms of the underlying loan documents. By agreement of the parties, the automatic stay was modified to permit exercise by Woodlea of its remedies as described in this paragraph.

3. <u>Class 81 Woodlea Investment (Monroe Lot 16)</u> The Allowed Secured Claim of Woodlea Investments shall be paid by the Debtors as follows: (i) the Debtors will make monthly payments of interest in the amount of $1,950.00 through and including October 2008; (ii) the Debtors will make monthly payments in the amount of $1,200.00 through and including March 2011; and (iii) the Debtors shall make a balloon payment in the amount of $198,000.00 in April 2011 in full satisfaction of Woodlea Investment's Class 81 Claim. Payments, including the balloon payment, are due on the 11th day of the month. If payments are not received by the 21st day of the month, Woodlea shall be entitled to give written notice of nonpayment to Aberman/GEA Seaside by first class mail at P.O. Box 265302, Daytona Beach, FL 32126. Woodlea shall be entitled to a late fee of 5% of the payment ($60.00) for payments received after the 21st day of the month, such that the required payment shall be $1,260.00. In the event payment of $1,260.00 is not received by the 10th day following the date written notice of

nonpayment is mailed, the loan will be in default and may be accelerated in accordance with the terms of the underlying loan documents. By agreement of the parties, the automatic stay was modified to permit exercise by Woodlea of its remedies as described in this paragraph.

U.      Consistent with the requirements of §1146(c) of the Bankruptcy Code, the transfer or vesting of any real or personal property of the Debtors or recording of any mortgages on property of the Debtors in accordance with the Plan or the Confirmation Order, is not subject to taxation under any state or local law imposing a stamp, transfer or similar tax.

V.      The Plan complies with the applicable provisions of the Bankruptcy Code, as required under §1129(a)(1).

W.      The Debtors have complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice, disclosure and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by this Court in connection with these Chapter 11 Cases.

X.      Votes to accept or reject the plan have been solicited and tabulated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as the Balloting Order. All of the Ballots were properly solicited and tabulated. The Debtors have accordingly satisfied §1129(a)(2) of the Bankruptcy Code.

Y.      This Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Plan has been proposed in good faith by the Debtors and not by any means forbidden by law, as required by §1129(a)(3) of the Bankruptcy Code. The Debtors have acted in good faith in formulating and proposing the Plan and have properly performed their fiduciary duties. The Plan and Plan Modifications resulted from arms-length bargaining among

the Debtors, and the creditors. All parties have acted in good faith and received no unfair advantage.

Z.      Each Holder of an Impaired Claim that has not accepted the Plan will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the "best interests" test under §1129(a)(7)(A)(ii) of the Bankruptcy Code.

AA.    Pursuant to the Ballot Tabulations all Impaired Classes have voted in favor of the Plan or are the subject of the Cramdown Motion. As such the Plan satisfies §1129(a)(8) of the Bankruptcy Code.

For the foregoing reasons, the Court determines that the Plan should be confirmed. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Plan is, in all respects, hereby confirmed pursuant to §1129 of the Bankruptcy Code and all of its terms and provisions are hereby approved, or accepted as otherwise provided in this order. The Debtors are authorized to take any and all actions contemplated to be taken under the Plan. The modifications of the Plan as reflected on the record at the Confirmation Hearing and contained herein meet the requirements of §1127(a) and (c) and no further solicitation or voting is required.

2.      The jointly administered cases of Aberman and GEA Seaside are not substantively consolidated for the purposes of confirmation, consummation and implementation of the Plan.

3.      The Cramdown Motion is granted.

4.      The Unsecured Cramdown Motion is withdrawn as moot.

5.      The Plan is modified to provide the following valuations for the property set forth in the relevant valuation objection: (a) the property set forth in the Fifth Third Mortgage Company objection (Doc No 281) shall have a value of $215,000.00; (b) the property set forth in the Wachovia Bank objection (Doc No 282) shall have a value of $70,000.00; (c) the property set forth in the First Mariner Bank objection (Doc No 287) shall have a value of $128,551.00; (d) the property set forth in the Homecomings Financial objection (Doc No 289) shall have a value of $168,046.13; (e) the property set forth in the Homecomings Financial objection (Doc No 290) shall have a value of $161,261.00; (f) the property set forth in the Homecomings Financial objection (Doc No 292) shall have a value of $189,544.00; (g) the property set forth in the Homecomings Financial objection (Doc No 293) shall have a value of $199,290.00; (h) the property set forth in the IndyMac Bank objection (Doc No 294) shall have a value of $167,189.00; (i) the property set forth in the IndyMac Bank objection (Doc No 295) shall have a value of $121,368.81; (j) the property set forth in the First Horizons Home Loans objection (Doc No 296) shall have a value of $190,000.00; (k) the property set forth in the U.S. Bank National Associations objection (Doc No 299) shall have a value of $104,000.00, which shall be paid along with postpetition taxes of $2,535.10, for a total of $106,535.10; (l) the property set forth in the Wells Fargo objection (Doc No 300) shall have a value of $126,358.00, which shall be paid along with postpetition taxes of $5,745.25, for a total of $132,103.25; (m) the property set forth in the U.S. Bank National Associations objection (Doc No 301) shall have a value of $70,071.00, which shall be paid along with postpetition taxes of $2,597.58, for a total of $72,668.58; (n) the property set forth in the U.S. Bank National Associations objection (Doc No 302) shall have a value of $167,926.00, which shall be paid along with postpetition taxes of $5,383.86, for a total

of $173,309.86; (o) the property set forth in the Wells Fargo Bank objection (Doc No 303) shall have a value of $120,563.00, which shall be paid along with postpetition taxes of $2,497.67, for a total of $123,060.67; (p) the property set forth in the Wells Fargo Bank objection (Doc No 304) shall have a value of $172,141.00, which shall be paid along with postpetition taxes of $6,618.69, for a total of $178,759.69; (q) the property set forth in the Wells Fargo Bank objection (Doc No 305) shall have a value of $160,050.00, which shall be paid along with postpetition taxes of $5,821.69, for a total of $165,871.69; (r) the property set forth in the Homecomings Financial Network, LLC objection (Doc No 310) shall have a value of $159,072.00; (s) the three properties set forth in the RBJ LLC objection (Doc No 317) shall have a values of $185,000.00, $145,000.00, and $145,000.00; (t) the property set forth in the First Horizon Home Loans objection (Doc No 276) shall have a value of $119,000.00; (u) the property set forth in the Motion by LaSalle Bank for Leave to Object to Debtor's Omnibus Motion to Determine Extent of Secured Claims (Doc. No. 377) shall have a value of $87,562.00; and (v) the properties set forth in the Woodlea Investment Company LLC objection (Doc No. 284) shall have values of $182,550.00 and $34,500.00.

6.     The Plan is modified to include the following: :

a.     Class 41-Bayview (420 N. Halifax & 429 N. Peninsula).   Bayview will have an Allowed Secured Claim of $634,188.56, secured by a first priority mortgage Lien with monthly payments of principal and interest based on a thirty (30) year amortization and a thirty (30) year term, with interest at six percent (6%).  The balance of the claim will be treated as a Class 83 Unsecured Claim.  The prepayment penalty will be waived.

b.     Class 35-Woodlea Investment (444 N. Peninsula).   The Allowed Secured Claim of Woodlea Investments shall be paid by the Debtors as follows: (i) the Debtors will make

monthly payments of interest only in the amount of $373.75 through and including October 2008; (ii) the Debtors will make monthly payments in the amount of $230.00 from November 2008 through February 2011; and (iii) the Debtors will make a balloon payment in the amount of $37,950.00 in March 2011 in full satisfaction of Woodlea Investment's Class 35 Claim. Payments, including the balloon payment, are due on the 8th day of the month. If payments are not received by the 18th day of the month, Woodlea shall be entitled to give written notice of nonpayment to Aberman/GEA Seaside by first class mail at P.O. Box 265302, Daytona Beach, FL 32126. Woodlea shall be entitled to a late fee of 5% of the payment ($11.50) for payments received after the 18th day of the month, such that the required payment shall be $241.50. In the event payment of $241.50 is not received by the 10th day following the date written notice of nonpayment is mailed, the loan will be in default and may be accelerated in accordance with the terms of the underlying loan documents. By agreement of the parties, the automatic stay was modified to permit exercise by Woodlea of its remedies as described in this paragraph.

        c.      <u>Class 81 Woodlea Investment (Monroe Lot 16).</u>  The Allowed Secured Claim of Woodlea Investments shall be paid by the Debtors as follows: (i) the Debtors will make monthly payments of interest in the amount of $1,950.00 through and including October 2008; (ii) the Debtors will make monthly payments in the amount of $1,200.00 through and including March 2011; and (iii) the Debtors shall make a balloon payment in the amount of $198,000.00 in April 2011 in full satisfaction of Woodlea Investment's Class 81 Claim. Payments, including the balloon payment, are due on the 11th day of the month. If payments are not received by the 21st day of the month, Woodlea shall be entitled to give written notice of nonpayment to Aberman/GEA Seaside by first class mail at P.O. Box 265302, Daytona Beach, FL 32126. Woodlea shall be entitled to a late fee of 5% of the payment ($60.00) for payments received after

the 21st day of the month, such that the required payment shall be $1,260.00. In the event payment of $1,260.00 is not received by the 10th day following the date written notice of nonpayment is mailed, the loan will be in default and may be accelerated in accordance with the terms of the underlying loan documents. By agreement of the parties, the automatic stay was modified to permit exercise by Woodlea of its remedies as described in this paragraph.

7.      Upon the Effective Date, all executory contracts and unexpired leases of the Debtors not previously assumed by Order of this Court or subject to a pending motion to assume shall be deemed rejected, unless such contracts or leases were or are otherwise assumed pursuant to the Plan. The Debtors are authorized to assume such executory contracts and unexpired leases and any existing liability and casualty insurance policies and to pay the cure amounts due or otherwise agreed to by the parties on any such assumed executory contracts, including such insurance policies, and unexpired leases.

8.      All entities holding Claims against or Interests in the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

9.      In accordance with §1142 of the Bankruptcy Code, the Debtors, Reorganized Debtors and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all

14

documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan.

10.     The Court retains jurisdiction, as provided in the Plan, for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Confirmation Order, specifically including, without limitation:  (i) the power and jurisdiction to consider and rule upon all objections to the allowance of Claims and Interests and the compromise of Claims; (ii) to consider and rule upon all applications for allowance of compensation and reimbursement of out-of-pocket expenses of professionals retained in connection with this case with respect to services performed on or prior to the Hearing; (iii) to consider and rule upon any adversary proceeding or contested matter heretofore or hereafter brought by the Debtors, including, without limitation, proceedings now pending or hereafter commenced pursuant to §§ 544, 545, 547, 548, 549, and 550 of the Code or similar provisions of applicable state, federal or foreign law; (iv) to consider and rule upon all matters of any nature or type necessary or appropriate to carry out the Plan, including without limitation, controversies and disputes arising under or in connection with the Plan; (v) to consider and rule upon any adversary proceedings or contested matters brought to enforce the provisions of the Plan; to consider and rule upon any matter remanded to the Court in connection with any appeal from any order of this Court; (vi) to consider and rule upon any motion to further modify the Plan in accordance with 11 U.S.C. § 1127, or to correct any defect, cure any omission, or reconcile any inconsistency in the Plan, the Disclosure Statement filed in connection therewith, or this Confirmation Order, as may be necessary in order to carry out the purposes of the Plan; (vii) to enforce the automatic stay provisions of 11 U.S.C. § 362, including the implementation of sanctions for a willful violation of the automatic stay; (viii) to consider and rule upon any Claims arising from the rejection of any executory contract or lease; (ix) to

enforce payment of clerk's fees and the U.S. Trustee fees; (x) to issue such orders in aid of execution and consummation of the Plan as may be necessary and appropriate; (xi) to ensure distributions are accomplished, as provided for in the Plan, and to resolve any dispute concerning the right of any person to a distribution under the Plan, under applicable law, or under a contract or agreement; (xii) to compel the signing of any documents required by the Plan; and (xiii) such other matters as may be provided for in the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq., or in the Plan.

11. In accordance with Section 1146(c) of the Bankruptcy Code, any issuance, transfer or the making of any instrument of transfer, including any mortgages delivered under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

12. This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan.

13. Pursuant to Bankruptcy Code section 1141(d) and as set forth in the Plan GEA Seaside shall be discharged from any debt that arose before the Confirmation Date and any debt of a kind specified in Sections 502(g), 502(h), and 502(i) of the Bankruptcy Code. This Order does not grant a discharge to Jack Aberman.

14. Except as noted herein and in the Plan, the Reorganized Debtors are responsible for all U.S. Trustee Fees. The Debtors shall be responsible for reporting all disbursements.

15 Within five (5) days after the entry of this Confirmation Order, the Debtors shall mail to all known Creditors and Holders of Interests and all other parties in interest (including Professionals) copies of this Confirmation Order.

16.     To the extent that any provisions of the Plan or orders of this court are inconsistent with this Confirmation Order, the Confirmation Order governs.

17.     SECURED CREDITORS WHO HAVE TIMELY FILED A PROOF OF CLAIM SHALL HAVE NINETY (90) DAYS FROM THE EFFECTIVE DATE TO FILE WITH THE COURT AN AMENDED PROOF OF CLAIM FOR THEIR DEFICIENCY CLAIM (the "Deficiency Claim Deadline").

18.     The Debtor shall have ninety (90) days from the Deficiency Claim Deadline to object to proofs of claims (the "Claim Objection Deadline").

**DONE AND ORDERED** on January 21, 2009.

_Karen S._ _

_____

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies to:

Debtor: GEA Seaside Investments, Inc., c/o Jack Aberman, 434 N. Halifax Avenue, Suite 2, Daytona Beach, Florida 32118;

Debtors' Counsel: Elizabeth Green, Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353;

Office of the U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and

All Creditors and Interested Parties (service by Debtors' counsel).